**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Patrik Nazarian,<br><br>Petitioner,<br><br>v.<br><br>Kristi Noem, Secretary of the Department of Homeland Security; et al.,<br><br>Respondents. | Case 5:25-cv-02694-KK-DSR<br><br>**ORDER GRANTING RENEWED EX-PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [Dkt. 16]**<br><br>**[NOTE CHANGES BY COURT]** |

On October 13, 2025, petitioner Patrik Nazarian ("Petitioner") filed the operative First Amended Petition ("FAP") against respondents Kristi Noem, Todd M. Lyons, and Samaia Fereti ("Respondents").  ECF Docket No. ("Dkt.") 6, FAP.  On November 3, 2025, the Court granted in part Petitioner's Ex Parte Application for Temporary Restraining Order, ordering Respondents to release Petitioner from their custody.  Dkt. 13.  The Court denied without prejudice Petitioner's request for an order enjoining Respondents from removing him to a third country without notice and an opportunity to be heard because "there [was] no evidence . . . showing Respondents seek to remove Petitioner to a third country."  *Id.* at 4 n.1.  Nevertheless, the Court "recognize[d] Petitioner's fears concerning third country removal" and noted "Petitioner may present his Third Country Removal Claim in a renewed application if he obtains supporting evidence."  *Id.*

On January 30, 2026, Petitioner filed a renewed *ex parte* application for temporary restraining order ("Application") in connection with his petition for *writ of habeas corpus* based on new facts that have emerged since Petitioner was released from immigration custody.  Dkt. 16, Application ("App.").  Specifically, on January 20, 2026, ICE informed Petitioner at his scheduled check-in that it was attempting to secure a travel document from a third country.  App. at 2.  At the conclusion of the January 20, 2026

appointment, ICE scheduled Petitioner's next check-in for March 17, 2026. *Id.* However, on January 29, 2026, ICE instructed Petitioner to appear for an additional check-in on February 2, 2026 regarding ICE's efforts to remove Petitioner to a third country. *Id.*; Dkt. 16-1, Declaration of Patrik Nazarian ¶ 11; Dkt. 16-2, Declaration of Douglas Jalaie ¶ 3.

On January 30, 2026, Respondents filed a Response to Petitioner's renewed Application, stating "[t]o the extent that the only substantive relief Petitioner seeks . . . is notice and an opportunity to be heard prior to removal to a third country, [] Respondents do not oppose such relief." Dkt. 18 at 1.

The Court, having considered Petitioner's Application, Respondents' statement of non-opposition to the relief sought, and finding good cause therefor, hereby GRANTS the Temporary Restraining Order and ORDERS as follows

1. That, if Petitioner is to be removed to a third country, that the Petitioner be informed of ICE's intention to do so and that he receive an individualized opportunity to challenge removal through a reasonable fear interview, *see Nguyen v. Scott*, 796 F. Supp. 3d 703, 727-32, 739 (W.D. Wash. 2025) (finding ICE's current third-country removal process violates due process and enjoining the petitioner's removal to a third country without notice and a meaningful opportunity to be heard);

2. That, under the particular circumstances of this case, it is proper to waive the requirement that Petitioner give an amount of security in connection with the issuance of an injunctive order;

3. That Respondents file a status report no later than February 3, 2026, regarding their compliance with this Order; and

4. Respondents are ORDERED TO SHOW CAUSE in writing no later than seven (7) days from the date of this Order why the Court should not issue a preliminary injunction. Petitioner may file a Reply no later than ten (10) days from the date of this Order.

-2-

-3-

Failure to comply with this Order will result in sanctions.

**IT IS SO ORDERED.**

Dated:  January 30, 2026

HON. KENLY KIYA KATO
UNITED STATES DISTRICT JUDGE