UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 25-02694-KK-DSRx** | Date: | March 4, 2026 |

| | |
|---|---|
| Title: | ***Patrik Nazarian v. Kristi Noem et al.*** |

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order GRANTING Request for Preliminary Injunction [Dkt. 16] and DISCHARGING Order to Show Case [Dkt. 19]**

## I.
## INTRODUCTION

On November 3, 2025, the Court granted in part petitioner Patrik Nazarian's ("Petitioner") Ex Parte Application for a Temporary Restraining Order ("TRO"). ECF Docket No. ("Dkt.") 13, ("First TRO Order"). On January 30, 2026, the Court granted Petitioner's Renewed Ex Parte Application for a TRO and ordered respondents Kristi Noem, Todd M. Lyons, and Samaia Fereti ("Respondents") to show cause as to why a preliminary injunction should not be issued. Dkt. 19 ("Second TRO Order"). On February 6, 2026, Respondents filed a Response to the Court's Second TRO Order. Dkt. 21, Response ("Resp."). On February 9, 2026, Respondents filed a Reply to Respondent's Response. Dkt. 22, Reply.

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court **GRANTS** Petitioner's request for a preliminary injunction.

///

///

///

## II.
## BACKGROUND

### A.    RELEVANT FACTS

The Court incorporates the facts set forth in its First and Second TRO Orders.  First TRO Order at 1-2; Second TRO Order at 1-2.

### B.    PROCEDURAL HISTORY

On October 22, 2025, Petitioner filed the operative First Amended Petition ("FAP") against Respondents, seeking, among other things, an order releasing him from custody and prohibiting Respondents from removing him to a third country without notice or an opportunity to challenge his removal.  Dkt. 6, FAP at 3-4.

On October 27, 2025, Petitioner filed an Ex Parte Application for a TRO ("First Application").  Dkt 4, First Application.  On November 3, 2025, the Court granted in part Petitioner's First Application, finding Petitioner is likely to succeed on the merits of his claim regarding the lawfulness of his re-detention, has established irreparable harm, and has shown the balance of equities and public interest weigh in his favor.  First TRO Order at 5-8.  The Court thus ordered Respondents to immediately release Petitioner from custody.  Id. at 8.

On January 30, 2026, Petitioner filed a Renewed Ex Parte Application for a TRO ("Second Application").  Dkt. 16, Second Application.  On the same day, the Court granted Petitioner's Second Application, finding Petitioner is likely to succeed on the merits of his claim regarding his removal to a third country, has established irreparable harm, and has shown the balance of equities and public interest weigh in his favor.  Second TRO Order at 2.  The Court thus enjoined Respondents from removing Petitioner to a third country without notice and an individualized opportunity to challenge such removal.  Id.  The Court further ordered Respondents to show cause as to why a preliminary injunction should not be issued.  Id.

On February 5, 2026, the parties filed a joint status report confirming Respondents' compliance with the Court's First and Second TRO Orders.  Dkt. 20.

On February 6, 2026, Respondents filed a Response to the Court's Second TRO Order.  Resp.  In their Response, Respondents contend an injunction is not necessary because the "government already provides advance notice of removal to third-countries pursuant to its own procedures and regulations."  Id. at 1.

On February 9, 2026, Petitioner filed a Reply.  Reply.

This matter, thus, stands submitted.

///

///

///

**III.**
**LEGAL STANDARD**

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). Under Federal Rule of Civil Procedure 65, the Court may grant a preliminary injunction provided there is "notice to the adverse party." Fed. R. Civ. P. 65(a)(1). A preliminary injunction is "an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Id. (quotations omitted) (quoting Amoco Prod. Co. v. Vill. of Gambell, 480 U.S. 531, 542 (1987)).

The party seeking such relief must establish: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities weighs in its favor; and (4) the injunction is in the public interest ("Winter factors"). See id. at 20. Courts in the Ninth Circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the Winter standard." Fraihat v. U.S. Immigr. & Customs Enf't, 16 F.4th 613, 635 (9th Cir. 2021) (citation modified). Under the serious questions standard, the four Winter elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

**IV.**
**PETITIONER'S CLAIM IS NOT MOOT**

In issuing the First and Second TRO Orders, the Court found Petitioner made a sufficient showing under each of the Winter factors. See generally First TRO Order; Second TRO Order; see also Winter, 555 U.S. at 22. Respondents do not challenge the Court's findings on the Winter factors. Resp. The Court therefore sees no reason to depart from its previous analyses and incorporates the Court's previous analyses and findings herein.

Respondents now appear to argue there is no cause for a preliminary injunction because Petitioner's claim regarding third-country removal and request for injunctive relief are moot, as the government "already provides advance notice of removal to third-countries pursuant to its own procedures and regulations." Resp. at 1.

**A.     APPLICABLE LAW**

Courts have an obligation to consider mootness and should deny requested relief where it is superfluous. In re Burrell, 415 F.3d 994, 997 (9th Cir. 2005). "A case becomes moot – and therefore no longer a 'case' or 'controversy' for purposes of Article III – when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Rosebrock v. Mathis, 745 F.3d 963, 971 (9th Cir. 2014) (citing Already, LLC v. Nike, Inc., 568 U.S. 85, 90 (2013)).

"Under Supreme Court and Ninth Circuit precedent, temporary relief, up to and including a petitioner's release, does not render a case moot." Arab v. Noem, No. EDCV 26-00286-JWH-DSRx, 2026 WL 425693 (C.D. Cal. Feb. 13, 2026) (internal quotations marks and citation omitted). "[I]f a petitioner challenges the validity of his underlying conviction, the collateral consequences of that conviction may be sufficient to overcome mootness despite [the petitioner's] release." Munoz

---

v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997).  Moreover, "[a] defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case."  Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 174 (2000).

**B.      ANALYSIS**

Here, the Court finds the habeas petition and request for preliminary injunctive relief are not moot.  Rather, temporary relief does not moot a habeas petition, particularly when Respondents do not provide any assurance they will not inflict the same injury after the TRO expires.  See Sarkisyan v. Noem, No. CV 26-00504-SPG-ADSx, 2026 WL 413638, at *3 (C.D. Cal. Feb. 10, 2026) ("Because a TRO involves no final determination of the merits and has no continuing effect beyond the initial 14-day period, there may still be a live controversy as to any remaining requests for relief."); see, e.g., M.T.M. v. Andrews, No. CV 25-08208-SRM-PDx, 2025 WL 2995053, at *2 (C.D. Cal. Sep. 24, 2025) (entering preliminary injunction prohibiting the petitioner's removal to a third country without notice and an opportunity to be heard).  While Respondents have complied with this Court's First and Second TRO Orders, Respondents fail to meet the heavy burden of persuading this Court "that the challenged conduct cannot reasonably be expected to start up again."  Friends of the Earth, Inc., 528 U.S. at 189 (2000).  Moreover, while Respondents contend the government "already provides advance notice of removal to third countries pursuant to its own procedures and regulations," such unenforceable assertions do not eliminate the threat of Petitioner's unlawful removal to a third country while the underlying habeas petition is adjudicated.  See Nielsen v. Preap, 586 U.S. 392, 403 (2019) (noting release does not moot a habeas petition where petitioners "faced the threat of re-arrest and mandatory detention").

**V.**
**CONCLUSION**

The Court thus finds Petitioner has shown cause for a preliminary injunction.  For the reasons set forth above, the Court hereby **ORDERS** as follows:

1.  Petitioner's request for a preliminary injunction is **GRANTED**;
2.  Respondents are **ORDERED** not to remove Petitioner from the Central District of California pending final resolution of this case; and
3.  Respondents are **PRELIMINARILY ENJOINED** from removing Petitioner to a third country (i.e., a country other than those designated as the countries of removal in Petitioner's final order of removal) without providing Petitioner and his counsel written notice in a language Petitioner can understand.
    a.  Following written notice, Respondents must provide Petitioner a meaningful opportunity, and a minimum of ten (10) days to raise a fear-based claim for protection under the Convention Against Torture ("CAT") prior to removal, including asking Petitioner whether he harbors such a fear and notifying him of the option of seeking CAT protection.
    b.  If Petitioner demonstrates a reasonable fear of removal to the third country, Respondents must move to reopen Petitioner's removal proceedings.
    c.  If Petitioner does not demonstrate a reasonable fear of removal to the third country, Respondents must provide Petitioner a meaningful opportunity, and a minimum of fifteen (15) days, to seek reopening of his removal proceedings.

This Order shall remain in effect until further order by the Court.  Failure to comply with this Order will result in sanctions.  Pursuant to General Order No. 05-07, further proceedings on the merits of the petition are referred to the Magistrate Judge.

**IT IS SO ORDERED**.